UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20178-CIV-ALTONAGA/Torres

SATTVICA S.A., INC.,

    Plaintiff,

v.

JOHN DOE or JANE DOE subscriber
assigned IP address 23.227.38.74, *et al.*,

    Defendants.
_____/

# ORDER

**THIS CAUSE** came before the Court on Plaintiff, Sattvica S.A., Inc.'s Motion for Default Final Judgment [ECF No. 34], filed on June 21, 2022. Plaintiff seeks entry of a default final judgment against Defendants, JOHN DOE or JANE DOE subscriber assigned IP address 23.227.38.74, a/k/a COOLULU, LTD, DALMA NEREA MARADONA VILLAFAÑE, and DINORAH GIANINA MARADONA VILLAFAÑE, that operate an Instagram profile page and e-commerce website that infringe on Plaintiff's "MARADONA" trademark and promote and sell goods bearing Plaintiff's "MARADONA" trademark. (*See generally* Mot.; Compl. for Decl. and Inj. Relief and Trademark Infringement [ECF No. 1] ¶¶ 36–37). Plaintiff requests the Court: (1) enter a declaratory judgment that Plaintiff is the owner of the "MARADONA" trademark under Registration Number 5,456,112 of the United States Patent and Trademark Office and its associated rights; (2) direct Defendants to surrenderer and turn over their "maradona" Instagram profile page and e-commerce website that infringe on Plaintiff's trademark; and (3) enjoin Defendants from using the "MARADONA" trademark or any imitation, making any indication that they are affiliated with Plaintiff or the "MARADONA" trademark, and infringing on the "MARADONA" mark or unfairly competing with Plaintiff in any manner. (*See* Mot. 11–13).

A Clerk's Default [ECF No. 27] was entered against Defendants on May 20, 2022, after Defendants failed to respond to the Complaint, despite having been served. (*See id.* 2). The Court has carefully considered the Motion, the record, and applicable law. For the following reasons, the Motion is granted in part.

## I. BACKGROUND

**A.  Factual Background**

On March 28, 2016, Diego Armando Maradona — soccer's "Golden Boy" and arguably its greatest player — authorized Plaintiff to have exclusive rights to exploit and commercialize the "MARADONA," "DIEGO MARADONA," "DIEGOL," "LA MANO DE DIOS," "El DIEZ," and "EL DIEGO" trademarks in Argentina and globally. (*See* Compl. ¶¶ 8–10, 12–13; *see also* Compl., Ex. A, Authorization and Argentinian Trademark [ECF No. 1-1] 3, 6).[1] Subsequently, Plaintiff registered the "MARADONA" trademark in Argentina on March 30, 2016 and with the United States Patent and Trademark Office on May 1, 2018 under Registration Number 5,456,112. (*See* Compl. ¶ 13; Compl., Ex. B, US Trademark 2 [ECF No. 1-2] 2–4). The United States Patent and Trademark Office also recognized that the "MARADONA" trademark was registered in Argentina. (*See* US Trademark 4).

Around September 28, 2021, Plaintiff learned that the "MARADONA" trademark and associated images were being uploaded and shared on an unauthorized Instagram profile page titled "maradona" that had almost seven million followers as seen in the image below. (*See* Compl. ¶¶ 23–24).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 22-20178-CIV-ALTONAGA/Torres



The Instagram profile page also linked to a website, www.dm10.com, which sells goods that appear to fall under the "MARADONA" trademark as shown by the below screenshot. (*See id.* ¶¶ 25–26).



Both the Instagram profile page and the website seem to be owned, controlled, and operated by Defendants. (*See id.* ¶¶ 36–37). Upon learning of the Instagram profile page and website, Plaintiff initiated the content removal procedure provided by Facebook — Instagram's owner — and

3

submitted documentation of Plaintiff's "MARADONA" trademark to Facebook. (*See id.* ¶¶ 22, 27–28). After multiple exchanges between Facebook and Plaintiff, Facebook has not removed the "maradona" Instagram profile page because Facebook found that "it's not clear that [Plaintiff is] the rights owner or [is] otherwise authorized to submit this report on the rights owner's behalf." (*Id.* ¶¶ 28–29, 31, 33 (alterations added)).

**B.      Procedural History**

On January 13, 2022, Plaintiff filed a Complaint for Declaratory and Injunctive Relief and Trademark Infringement against Defendants. In its January 28, 2022 Order [ECF No. 9], the Court granted Plaintiff leave to serve a third-party subpoena on GoDaddy.com to determine the identity of Defendant JOHN or JANE DOE, which was determined to be COOLULU, LTD. (*See generally* Mot.). Based on Clerk certifications and a review of Federal Express tracking numbers, Plaintiff served Defendant DINORAH GIANINA MARADONA VILLAFAÑE on March 17, 2022 (*see* Clerk's Notice of International Services [ECF No. 15] 1; Clerk's Notice of International Services, Ex. 1, Federal Express Tracking Number [ECF No. 15-1] 1); served Defendant DALMA NEREA MARADONA VILLAFAÑE on March 18, 2022 (*see* Clerk's Notice of International Services [ECF No. 14] 1; Clerk's Notice of International Services, Ex. 1, Federal Express Tracking Number [ECF No. 15-1] 1); and served Defendant COOLULU, LTD on April 28, 2022 (*see* Clerk's Notice of International Services [ECF No. 27] 1–2). On May 20, 2022, Plaintiff filed its Motion for Clerk's Default [ECF No. 26], and the Clerk entered a Clerk's Default [ECF No. 27] against all Defendants on the same day.

**II.      LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. *See* Fed.

R. Civ. P. 55(b)(2). The entry of default constitutes an admission by a defendant of the well-pleaded allegations in the complaint. *See Cancienne v. Drain Master of S. Fla., Inc.*, No. 08-61123-Civ, 2008 WL 5111264, at *1 (S.D. Fla. Dec. 3, 2008) (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277–78 (11th Cir. 2005)). But a defendant's default "does not in itself warrant entering a default judgment." *Goldman v. HSBC Bank USA, Nat'l Ass'n*, No. 13-81271-Civ, 2015 WL 1782241, at *1 (S.D. Fla. Mar. 24, 2015) (alteration adopted; quotation marks and footnote call number omitted; quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law[,]" "there must be a sufficient basis in the pleading for the judgment entered." *Id.* (alteration added; other alteration adopted; quotation marks omitted; citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206; other citation omitted).

### III. DISCUSSION

**A. Claims**

Plaintiff seeks both a declaratory judgment against Defendants that Plaintiff is the owner of the "MARADONA" trademark and its associated rights and a default judgment against Defendants on the federal trademark infringement claim asserted in the Complaint. (*See* Mot. 11–13).

**1. Claim for Declaratory Judgment**

Plaintiff requests that the Court enter a declaratory judgment that Plaintiff is the only owner of the "MARADONA" trademark and its associated rights. (*See id.* 12). Yet, such relief is ill suited in this situation. "The Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S.Ct. 764, 776, (2007) (emphasis in original). This

discretion extends to cases where another claim involving the same parties and issues is already being litigated. *See Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1374–75 (M.D. Fla. 2008) (citations omitted). Here, because Plaintiff's federal trademark infringement claim will necessarily address trademark ownership, a declaratory judgment is unnecessary. The Court thus turns to Plaintiff's federal trademark infringement claim.

### 2. Claim for Federal Trademark Infringement

Plaintiff is claiming federal trademark infringement under 15 U.S.C. section 1114. (*See* Mot. 3). To establish a prima facie case of trademark infringement, "a plaintiff must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010) (quotation marks and citation omitted).

As to the first element, Plaintiff received express authorization from Diego Armando Maradona on March 28, 2016, to use the "MARADONA" trademark globally, and Plaintiff registered the "MARADONA" trademark with the United States Patent Office on May 1, 2018. (*See* Compl. ¶¶ 12, 15). Under section 7(b) of the Lanham Act, Plaintiff's certificate of registration for the "MARADONA" trademark, which was issued by the United States Patent and Trademark Office, is "*prima facie* evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate[.]" 15 U.S.C. § 1057(b) (alteration added). This registration put Defendants on constructive, if not actual notice of Plaintiff's rights prior to Defendants' use of "MARADONA." *See* 15 U.S.C. § 1072. Plaintiff has established valid, prior trademark rights in the "MARADONA" trademark.

As for the second element, the Eleventh Circuit uses a seven-factor test in determining likelihood of confusion. These factors, as outlined in *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1313 (11th Cir. 2001), include: (1) the type or strength of the mark; (2) the similarity of marks; (3) the similarity of the goods the marks represent; (4) similarity of the sales methods; (5) the similarity of advertising media; (6) defendants' intent; and (7) any evidence of actual confusion. *See id.* (citation omitted). These factors strongly weigh in favor of Plaintiff.

The first factor supports Plaintiff because Plaintiff's "MARADONA" trademark is suggestive, and therefore, is deemed distinctive and protectable because the trademark's intrinsic nature serves to identify a particular person, namely Diego Armando Maradona.

The second factor also favors Plaintiff since Defendants capitalized on the "MARADONA" trademark by explicitly using the name "maradona" in conjunction with images of Diego Armando Maradona to promote Defendants' "maradona" Instagram profile page and sell merchandise infringing on the "MARADONA" trademark on their e-commerce website. (*See* Compl. ¶¶ 22–26).

Because Plaintiff does not provide evidence of its own use of the "MARADONA" trademark, the Court is unable to evaluate the third, fourth, and fifth factors.

The sixth factor supports Plaintiff given that Defendants are clearly trying to profit by using the "MARADONA" trademark to build a following on the "maradona" Instagram profile page and direct people to Defendants' e-commerce website where merchandise bearing the "MARADONA" trademark is for sale. (*See id.*).

Finally, the seventh factor also supports Plaintiff because it is "reasonable to infer that actual confusion may exist in the marketplace" given that the "maradona" Instagram profile page has millions of followers and directs people to the Defendants' website that sells goods containing

the "MARADONA" trademark. *See Suzuki Motor Corp. v. Jiujiang Hison Motor Boat Mfg. Co.*, No. 1:12-cv-20626, 2012 WL 2873733, at *10 (S.D. Fla. June 29, 2012); (Compl. ¶¶ 22–26).

Thus, the well-pleaded factual allegations of Plaintiff's Complaint properly contain the elements of the above federal trademark infringement claim and are admitted by virtue of Defendants' default. (*See* Compl. ¶¶ 8–38, 40–47, 49–57). Moreover, the Complaint's factual allegations have been substantiated by Plaintiff's evidence that establish Defendants' liability for the claim asserted. Accordingly, default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is appropriately entered against Defendants.

**B.    Relief**

Plaintiff's Motion requests declaratory judgment, injunctive relief, and the surrender of Defendants' "maradona" Instagram profile page and e-commerce website, www.dm10.com. (*See* Mot. 12–13). As discussed above, declaratory judgment is unwarranted in this action because Plaintiff's ownership of the "MARADONA" trademark is addressed in Plaintiff's federal trademark infringement claim. As such, the Court turns to injunctive relief.

Under the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509–10 (S.D. Fla. 1995) (alteration in original; quotation marks omitted; quoting *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Injunctive relief is available even in the default judgment setting, *see, e.g.*, *PetMed Express*, 336 F. Supp. 2d at 1222–23, since Defendants' failure to respond or otherwise appear makes it difficult for Plaintiff to

prevent further infringement absent an injunction, *see Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief." (alteration added)).

Permanent injunctive relief is appropriate when a plaintiff demonstrates: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) the issuance of an injunction is in the public's interest. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (citations omitted). Plaintiff has carried its burden on each of the four factors.

Specifically, "a sufficiently strong showing of likelihood of confusion [caused by trademark infringement] may by itself constitute a showing of . . . a substantial threat of irreparable harm." *E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imps., Inc.*, 756 F.2d 1525, 1530 (11th Cir. 1985) (alterations added; footnote call number omitted); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage [the plaintiff's] business reputation and decrease its legitimate sales." (alteration added)). Plaintiff's Complaint show the goods sold by Defendants bear Plaintiff's trademark, and consumers viewing Defendants' goods would likely confuse them for products sold by Plaintiff. (*See, e.g.,* Compl. ¶ 26).

Plaintiff has no adequate remedy at law so long as Defendants continue to operate the "maradona" Instagram profile page and e-commerce website because Plaintiff cannot control what is posted on the Instagram profile page or the quality of what appears to be its products in the marketplace. (*See id.* ¶¶ 26–35). An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill if Defendants' infringing and actions can continue. Moreover,

Plaintiff faces hardship from its inability to control its reputation. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademark. Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants as to who owns the "MARADONA" trademark. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." (alteration in original; citation omitted)).

Defendants have created an Instagram profile page and e-commerce website in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities by ordering the surrender of the "maradona" Instagram profile page as well as the webpage and domain, www.dm10.com, to Plaintiff as well as assignment of all rights, title and interest to the same. In addition, the Court may enjoin Defendants from using the "MARADONA" trademark in any manner that infringes on Plaintiff's rights.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff is entitled to the entry of final default judgment. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Final Judgment **[ECF No. 34]** is **GRANTED in part** as follows:

1. Permanent Injunctive Relief: Defendants and their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert and participation with Defendants are permanently restrained and enjoined from:

  a. using in any way the "MARADONA" trademark or any colorable imitation thereof, including without limitation, using such marks in advertising and/or interactive websites on the Internet that is accessible to consumers within the United States or in advertising appearing in publications circulated within the United States;

  b. making any false designation of origin, description, representation, or suggestion that Defendants are the source for, sponsor of or in any way affiliated with Plaintiff or the "MARADONA" trademark, its websites, or its services;

  c. infringing in any manner or causing any other entity to infringe in any manner upon the "MARADONA" trademark or otherwise competing unfairly with Plaintiff in any manner.

2. Additional Equitable Relief: To give practical effect to the Permanent Injunction, Defendants shall immediately surrender and otherwise turn over control to Plaintiff the "Maradona" profile page maintained on the Instagram platform as well as the webpage and domain, www.dm10.com.

3. This Order shall be binding upon Defendants and any person(s) or entity(ies) acting in concert with Defendants who receive a copy of this Order. *See* Fed. R. Civ. P. 65.

4. The Court retains jurisdiction for the purpose of enforcing this Order.

5. This Clerk of Court shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 18th day of July, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record