IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20178-CIV-ALTONAGA/Torres

SATTVICA, S.A., INC,

      Plaintiff,
vs.

JOHN OR JANE DOE a/k/a COOLULU,
DALMA NEREA MARADONA
VILLAFANE, and
DINORAH GIANINNA MARADONA
VILLAFANE,

      Defendants.

## NOTICE OF MOTION and MOTION TO VACATE JUDGMENT and MEMORANDUM OF LAW

PLEASE TAKE NOTICE that Defendants DALMA NEREA MARADONA VILLAFANE, and DINORAH GIANINNA MARADONA VILLAFANE (hereinafter "the Villafane Defendants") move this Court for an order vacating the judgment entered against them on July 18, 2022, on the grounds that the judgment is void as this Court lacks personal jurisdiction due to lack of service of process as more fully set forth below and the Exhibit attached thereto.

This motion is made pursuant to Federal Rule of Civil Procedure 60(b)(4) ("Rule 60") and shall be based upon this notice, the attached Memorandum of Law, and Exhibit attached thereto, the complete files and records of this action, and such other and further oral and documentary evidence as may be presented at a hearing on this Motion.

                                                                           /s/ Miriam Richter, Esq.

                                                                     Attorney for the Villafane Defendants

## MEMORANDUM OF LAW

I. <u>STATEMENT OF FACTS</u>

Plaintiff filed suit against Defendants on or about January 13, 2022, alleging federal trademark infringement and requesting a declaratory judgment that Plaintiff is the rightful owner of United States trademark registration number 5456112 for Maradona in international classes 25, 28, 35, 41, and 43. See Plaintiff's complaint on file [DE 1].

Default was entered against Defendant on May 20, 2022.  A Default Judgment was entered against Defendant on July 18, 2022.

Defendant contends the default and judgment are void as the Court lacked jurisdiction over them as they were never validly served and this Court should vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4).

The Federal Rules of Civil Procedure, Rule 4(f)(1) states:

> Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served at a place not within any judicial district of the United States:
> (1)  by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

Both the United States and Argentina are parties to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, more commonly known as the Hague Service Convention. As such, there are formalities and required procedures for service on individuals outside the borders of the United States. Further, Argentinian law does not permit service by mail, regardless of carrier. Service by FedEx, as was attempted in this case, and noted by the Court in its order, is not an acceptable method of service of process on an individual in Argentina.

Further, the Clerk's Notice of International Services for both Villafane Defendants [DE-14 and DE-15] improperly cites to 28 USC 1608(a)(3) or (b)(3)(B) which state respectively:

> (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state. . .
>
> and
>
> (b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state.

Neither of these sections pertains to individuals.

While the Villafane Defendants did receive copies of the Complaint, neither Defendant received a copy via the proper procedures of the Hague Service Convention. Undersigned counsel was asked to monitor the docket to see when and if such proper service was initiated. On July 19, 2022 the entry of the Default Final Judgment was noted and the instant Motion was prepared.

Of additional importance is the litigation between the parties in their home country of Argentina. The Villafane Defendants have recently obtained an injunction, in Argentina, appealed and upheld, against the Plaintiff, ordering the Plaintiff to "cease and desist use by themselves or through third parties, of the image, portrayal, voice, name and pseudonyms of who was in life Diego Armando Maradona …" Attached as Exhibit 1. Additional litigation is underway to terminate the Argentinian trademarks which serve as the basis for the United States trademark which is the subject of this suit.

II. LEGAL ARGUMENT

    A.    THE COURT HAS THE POWER TO VACATE THE JUDGMENT THAT WAS ENTERED AGAINST THE DEFENDANT ON THE GROUNDS THAT THE JUDGMENT WAS VOID AS THE COURT LACKS PERSONAL JURISDICTION DUE TO LACK OF SERVICE OF PROCESS AND THEREFORE DEFENDANT WAS DEPRIVED OF DUE PROCESS

Rule 60 of the Federal Rules of Civil Procedure (Rule 60) states in pertinent part that

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (4) the judgment is void;

And Rule 60 also states that

> (c) Timing and Effect of the Motion. (1) Timing. A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Defendants were not validly served in that English (only) copies of the Complaint were received by FedEx and the procedures required by the Hague Service Convention were not followed. Article 10 of the Convention states

> Provided the State of destination does not object, the present Convention shall not interfere with - a) the freedom to send judicial documents, by postal channels, directly to persons abroad, b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Argentina made objections to the Convention as follows:

> Article 5, third paragraph: "The Argentine Republic shall not accept documents to be served or transmitted unless they are accompanied by a translation into the Spanish language."
> Article 21, first paragraph, a): "The Argentine Government designates the Ministry of Foreign Affairs, International Trade and Worship as the Central Authority."
> Article 21, second paragraph, a): "The ARGENTINE REPUBLIC opposes to the use of methods of transmission pursuant to Article 10."

"The requirement that a federal court have personal jurisdiction flows from the Due Process Clause of the Fifth Amendment. However, before a federal court may exercise personal jurisdiction over a defendant, <u>there must be more than notice to the defendant</u> and a constitutionally sufficient relationship between the defendant and the forum." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987). (Emphasis added.)

4

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

Therefore, a district court need not consider the merits of the defense, prejudice to the plaintiff, or culpability of the defendant under Rule 60(b)(4).

A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933).

Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980).

Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1950).

A defendant must be served in accordance with Fed.R.Civ.P. 4 in order for the court to secure personal jurisdiction over him. Lack of jurisdiction is "[t]he principal basis for an attack on a default judgment under Rule 60(b)(4)." C. Wright, A. Miller & M. Kane, 10 Federal Practice & Procedure § 2695, at 503 (1983). If the judgment is void, the district court has no discretion but to set aside the entry of default judgment. Id. § 2697.

The RESTATEMENT (SECOND) OF JUDGMENTS § 65 comment b (1982), explains regarding default judgments that "no public purpose is served by protecting [a] judgment" arising from a "proceeding [that] was infected by fundamental error."

There is no limitation on filing a Rule 60(b)(4) motion. 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2862 (3d ed.2013).

    B.    THE MOVING PARTY HAS MET THEIR BURDEN OF SHOWING THAT THE JUDGMENT IS VOID FOR LACK OF PERSONAL JURISDICTION DUE TO LACK OF SERVICE OF PROCESS

Defendant has met their burden required for relief under Rule 60(b)(4) in that proper service of process has not been effectuated and thus the Court does not have jurisdiction over the Villafane Defendants.

"An in personam judgment entered without personal jurisdiction over a defendant is void as to that defendant." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 (11th Cir.2007).

The judgment is void and thus this Court must vacate the judgment.

C.  IT IS WELL SETTLED THAT RULE 60 IS TO BE LIBERALLY CONSTRUED SO THAT CASES ARE TRIED ON THEIR MERITS

Fed. R. Civ. P. 1 "The Federal Rules should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

The judgment was unfairly obtained through ineffective service of process in that Defendants were not validly served.

III. CONCLUSION

Based on the above, the Villafane Defendants respectfully request that the Court set aside the Judgment that was entered against them on the grounds that the judgment is void for lack of personal jurisdiction due to lack of service of process so that this case can be heard on its merits, as the law favors.

Per S.D. Fla. L.R. 7.1(a)(3), counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

DATED: July 29, 2022

*/s/ Miriam Richter, Esq.*
FLORIDA BAR NO. 44831
2312 WILTON DRIVE, SUITE 9
WILTON MANORS, FL 33305
TELEPHONE:   954.977.4711
FACSIMILE:     954.977.4717
EMAIL: MRICHTER@RICHTERTRADEMARKS.COM

6

## CERTIFICATE OF SERVICE

The clerk's Notice of Electronic Filing indicates that service is being made electronically upon Jose-Trelles Herrera, Esq.

| | |
|---|---|
| Dated: July 29, 2022 | */s/ Miriam Richter* <br> Miriam Richter, Esq. <br> 2312 Wilton Drive, Suite 9 <br> Wilton Manors, FL 33305 |