

Poder Judicial de la Nación

## JUZGADO CIVIL 74

79035/2021

MARADONA, DALMA NEREA Y OTROS c/ YACUZZA SRL s/MEDIDAS PRECAUTORIAS

Buenos Aires,      de  noviembre de 2021.- MC

### AUTOS Y VISTOS :

I. Sin perjuicio del criterio oportunamente vertido en torno a la existencia de conexidad entre las presentes y el sucesorio del padre de los accionantes, atento lo resuelto por el Superior corresponde que el suscripto se pronuncie en torno a la competencia para entender en estos actuados.

De los términos del escrito de inicio surge que los actores -invocando el carácter de herederos de Diego Armando Maradona- iniciaron las presentes actuaciones solicitando el dictado de una medida precautoria a fin de que se ordene a Matías Edgardo Morla, Sattvica S.A., Stefano Ceci, Yakuzza SRL, Vulcanizados Marpen S.L., Domenico Paone Spa y Fernando Martín Centeno, cesar preventivamente en el uso por sí o a través de terceros, de la imagen, la voz, el nombre y los pseudónimos de Diego Armando Maradona.

Asimismo, peticionan que se disponga el embargo del producido y toda suma pendiente de pago por la explotación de la imagen, la voz, el nombre y los pseudónimos del referido futbolista.

Sostienen que han sido declarados herederos en el juicio sucesorio del causante, que ostentan la propiedad de los derechos respecto de la imagen, voz, nombre y pseudónimos de quien en vida fuera Diego Armando Maradona, y que se encuentran legitimados para accionar en relación a los bienes que deben ser incluidos en su sucesión, estando facultados a iniciar las acciones necesarias para custodiar tales bienes.

#35901157#310551953#20211129120516469

Así, explican que uno de los principales activos del acervo hereditario es la imagen, voz, nombre y pseudónimos del causante, que permiten usufructuar su figura comercialmente e indicaron que el codemandado Matías Edgardo Morla, por medio de la sociedad Sattvica S.A., se apropió indebidamente de las marcas registradas de Maradona e intentó hacer lo mismo con su imagen, nombres y pseudónimos, pues se habría abusado de su condición de apoderado para ceder a título gratuito los bienes a favor de la sociedad por él controlada.

Destacan que la sociedad referida obtuvo el registro de la marca "Maradona" en diferentes países e invocan un supuesto de fraude a los herederos actores.

Afirman que mediante un contrato de fecha 17/8/2020 el causante habría otorgado una licencia para el uso de su imagen, nombre y pseudónimos a los demandados Matías Edgardo Morla, Sattvica S.A. y Stefano Ceci.

Expresan que el administrador de la sucesión del fallecido comunicó a los accionados la resolución del mencionado contrato y los intimó a abstenerse de explotar y utilizar la imagen, nombre o pseudónimos del difunto Diego Armando Maradona, como así también de autorizar el uso, licenciar, o realizar cualquier acto jurídico relacionado con los mismos.

II. Liminarmente, es útil destacar que la competencia, como medida de la jurisdicción o bien como distribución del poder jurisdiccional realizado por las leyes de organización judicial atiende a diversos criterios, tal el caso de la materia, el grado, el valor o el territorio y, en tal sentido, resulta ser un requisito de la sentencia de fondo, la cual no podría ser válidamente dictada por un juez que careciera de la misma (cfr. De Santo, "El Proceso Civil", T.I, Ed. Universidad, pág. 355).

#35901157#310551953#20211129120516469

III. Sentado ello debe advertirse además que, a los fines de la determinación de la competencia, en lo que a la materia respecta ha de estarse de manera preliminar al contenido y naturaleza de la pretensión deducida desde un ángulo de mira objetivo, haciendo mérito de la naturaleza de la relación jurídica sustancial esgrimida sobre la base de los hechos expuestos en la demanda y, en su caso, de acuerdo con el encuadre normativo acordado a la acción por el pretensor (cfr. CNCiv. Sala G R. 339119 del 17/10/01, R. 349375 del 14/6/02; R. 426919 de 5/05 entre otros), siempre que la relación de aquéllos no sea arbitraria ni caprichosa o esté en pugna con elementos objetivos obrantes en autos.

El criterio precedentemente esbozado se sustenta en los principios consagrados en los arts. 4 y 5 del Código Procesal, en tanto establecen como pautas para la determinación de la competencia la exposición de los hechos formulada en la demanda y la naturaleza de las pretensiones en ella deducidas (cfr. Colombo, Carlos J., "Código Procesal Civil y Comercial de la Nación Anotado y Comentado", Bs. As., 1975, t. I, pág. 111 y CSJN en autos "Fernandez Kusisek e Hijos SRL C/ Ministerio de Gobierno de la Pcia. de Buenos Aires", del 9/12/93, ED-RG 28, pág. 88 y L.L. 1996-C-574).

IV. En tal orden de ideas, cabe precisar que -según lo ya relatado las presentes tienen por objeto el dictado de una medida precautoria a fin de que los demandados cesen preventivamente en el uso por sí o a través de terceros, de la imagen, la voz, el nombre y los pseudónimos de Diego Armando Maradona.

V. Al respecto corresponde resaltar, en primer término que la Propiedad Intelectual parte de la idea de que las creaciones intelectuales del ingenio y el talento son bienes inmateriales susceptibles de apropiación. Es decir, es un tipo de derecho que se centra en la protección de toda creación del intelecto humano. A su vez, se subdivide en dos grandes ramas: la Propiedad Industrial, que a

#35901157#310551953#20211129120516469

su vez abarca figuras como las patentes, marcas, invenciones y modelos industriales; mientras que, por otro lado, está el derecho de autor, sobre la obra literaria y artística y sus conexos. (cfr. IP + Match Day, la Propiedad Intelectual también juega, Salazar Camargo, Juan Carlos: El Dial. Com. Contenidos jurídicos).

En tal sentido debe repararse que el apellido, los patronímicos, los seudónimos, los nombres, los apodos, y los sobrenombres pueden ser presentados e inscriptos como marcas siempre y cuando éstos respeten los derechos preexistentes y sean suficientemente distintivos. Es decir que un famoso artista, cualesquiera fueren los rubros en los que hubiese adquirido prestigio, se halla dotado de interés legítimo para aprovechar su nombre propio y la fama que le es aneja en el desenvolvimiento de alguna actividad con fines lucrativos y bajo el amparo del régimen específico marcario (del voto del Dr. Vocos Conesa, arg. C. Nac. Civ. y Com. Fed., sala 3a, 12/9/2003, causa 455/1997, "Herrera, Paloma v. Carolina Herrera S.A. y otro s/cese de oposición al registro de marca", consid. VIII, párr. 5º in fine).

VI. Bajo tales premisas y desde que lo que aquí se persigue es que los demandados dejen de explotar comercialmente el nombre, imagen y seudónimo de Diego Armando Maradona, resulta palmario que la cuestión gira en torno al derecho marcario contemplado en la ley 22.362 (cfr. art. 3 inc. h), no centrándose la controversia en modo alguno respecto de la publicación sin la debida autorización de un espectáculo teatral, cinematográfico, filarmónico u otro análogo, en los términos previstos por el Art. 79 de la ley 11723, norma aquí invocada por los peticionantes como fundamento de su pretensión .

Obsérvese al respecto que son los propios accionantes los que, al fundar la existencia del peligro en la demora para dar sustento a la media cautelar, refieren que el presidente de Sattvica



Poder Judicial de la Nación

JUZGADO CIVIL 74

S.A "habría autorizado el uso gratuito de la imagen y marca de Maradona a la Municipalidad de la ciudad de Esquina, Corrientes", o a la existencia de varios "contratos de licencia de uso de la imagen de Diego Maradona" que se acompañan como prueba documental.

VII. Por todo lo expuesto y desde que la cuestión planteada está regida "prima facie" por normas de derecho marcario, es que teniendo en cuenta la atribución genérica  contenida  en el art. 33 de la ley 22.362,  que dispone que es  la Justicia Federal en lo Civil y Comercial la que resulta competente para entender en las acciones civiles, es que la  presente contienda resulta propia de tal fuero.

Al respecto se ha señalado que "en virtud del art. 33 de la ley 22.362, "De marcas y designaciones"-, resulta competente la Justicia Federal en lo Civil y Comercial para entender en las acciones civiles derivadas del uso indebido de marcas comerciales. Tal decisión no se ve enervada por el hecho de que la presente acción preventiva preceda a una acción resarcitoria, pues más allá de su carácter autónomo, tanto el reclamo relativo al cese del supuesto uso indebido de la marca como el que persigue la fijación de una indemnización para resarcir el ilícito alegado, deben tramitar en el citado fuero federal, frente a la prescripción expresa de la norma invocada. (cfr. Sumario n°26423 de la Base de Datos de la Secretaría de Documentación y Jurisprudencia de la Cámara Civil).

Tampoco obsta lo aquí decidido la invocación de los derechos emergentes de la ley 11.723, ni de los arts. 53 y 54 del Código Civil y Comercial  y ello habida cuenta que el aspecto central de la pretensión de autos versa sobre el cese inmediato en  el uso de la marca indicada, en los términos de  la  ley  22.362  (cfr. arg. Sala1, CNac Civ y Com Fed. causa 5850/09 del 15-12-09, y   4.933/13. "Farray  Jorge  Luis  y otros c/ Vaccarezza Pablo Simón s/ medidas cautelares"  26/11/13).

#35901157#310551953#20211129120510466

VIII. Sin perjuicio de lo antes dispuesto,  ponderando la urgencia de la cuestión planteada y   de conformidad con lo dispuesto en el art. 196 del CPCC, corresponde que el suscripto se pronuncie respecto de la cautelar solicitada.

Sabido es que, por su naturaleza, las medidas cautelares no exigen como recaudo de admisibilidad la prueba terminante del derecho invocado, basta su acreditación prima facie y por ello, para disponerlas, los magistrados no necesitan fundarse en la plena certeza, resultado suficiente –dado que se requiere un umbral menor- que lo hagan en base a la apariencia que presentan los hechos de la causa (cfr. Chiovenda, G. en "Ensayos de Derecho Procesal Civil", T:I, págs. 54/55 y CSJN., Fallos 250:154; 251:33; 307:1702), pues el juicio de verdad en esta materia se encuentra en oposición a la finalidad del instituto en cuestión, que no es otra cosa que atender a aquello que no exceda del marco de lo hipotético, dentro del cual, asimismo, agota su virtualidad (cfr. CSJN, Fallos 306:2060).

A los efectos de la concurrencia del peligro en la demora, resulta  suficiente que las consecuencias suscitadas por  la inexistencia de dicha medida sean de mayor intensidad  que las generadas en el caso que se la declare procedente (cfr. CNfed. Cont. Adm. Sala V, 17/3/99 LL 2000-D-85)

En virtud de lo expuesto y desde que de la documental adjunta en PDF, surge -prima facie- y con los elementos aquí aportados la concurrencia de los recaudos ut supra mencionados, corresponde hacer lugar a lo requerido,  aunque con la limitación que más abajo se señalará.

En consecuencia, hágase saber a Matías Edgardo Morla, Sattvica S.A., Stefano Ceci, Yakuzza SRL, Vulcanizados Marpen S.L., Domenico Paone Spa y Fernando Martín Centeno, que deberán cesar en el uso por sí o a través de terceros, de la imagen,  voz,  nombre, los pseudónimos y la marca de Diego Armando Maradona y/o cualquier



Poder Judicial de la Nación

JUZGADO CIVIL 74

otra relacionada con su persona . Notifíquese  con carácter de urgente
y habilitación de días y horas inhábiles (art. 153 Cód. Procesal), y en
su caso conforme ley 22.172 y/o mediante exhorto diplomático.

Todo ello, **previa caución juratoria,** la cual en razón de
subsistir las medidas de restricción en el ingreso al edificio (cfr. CSJN
Acordada  14/21),  deberá presentarse mediante escrito suscripto por
los apoderados, y por la Sra. Verónica Ojeda, en su carácter de
representante legal de Diego Fernando Maradona Ojeda  y ello en
razón de que el poder otorgado al Dr. Baudry no contiene en forma
expresa esta facultad, por lo que deberá subsanarse dicho extremo.

Desde que,  tal como se lo señalara, la cuestión aquí
debatida no encuadra en los alcances del art. 79 de la ley 11.723 no
corresponde hacer lugar al embargo peticionado, limitándose la
cautela otorgada a lo antes ordenado.

Por lo expuesto, **<u>RESUELVO</u>**: I) Declararme incompetente
para entender en las presentes actuaciones en razón de materia  y
disponer su remisión a la Justicia Federal Civil y Comercial Federal a
los fines de su sorteo y posterior tramitación. Notifíquese y al Sr
Agente Fiscal  en su despacho; II) Decretar la medida cautelar
peticionada, con el alcance dispuesto en el considerando VIII.

NOTIFIQUESE  con carácter urgente, habilitación de días y
horas inhábiles y al Sr. Agente Fiscal y Defensor de Menores en sus
despachos.

#35901157#310551953#20211129120516469



JUDICIAL BRANCH OF THE ARGENTINE NATION

CIVIL COURT 74

79035/2021

MARADONA, DALMA NEREA AND OTHERS v. YACUZZA SRL

s/PROVISORY MEASURES

Buenos Aires, November 2021.- MC

**PROCEEDINGS**:

I. Without prejudice to the judgement duly handed down as to the existence of a connection between the present proceedings and the estate of the father inheritance, in view of the decision of the High Court, it is appropriate for the undersigned to rule on this matter.

It is clear from the terms of the application that the applicants - claiming to be the heirs of Diego Armando Maradona - initiated the present proceedings requesting the issuance of an interim injunction to order Matías Edgardo Morla, Sattvica S.A., Stefano Ceci, Yakuzza SRL, Vulcanizados Marpen S.L., Domenico Paone Spa and Fernando Martín Centeno, to preventively cease the use, by themselves or through third parties, of the image, voice, name and pseudonyms of Diego Armando Maradona.

They also request the seizure of the proceeds and any outstanding sum due for the exploitation of the image, voice, name and pseudonyms of the footballer in question.

They argue that they have been declared heirs in the succession proceedings of the deceased, that they hold ownership of the rights to the image, voice, name and pseudonyms of the person who was Diego Armando Maradona in his lifetime, and that they have entitled to bring an action in relation to the assets to be included in his estate, being entitled included in his succession, being entitled to initiate the necessary actions to safeguard such necessary to safeguard such assets.



Thus, they explain that one of the main assets of the inheritance is the image, voice, name and pseudonyms of the deceased, which allow his figure to be used commercially and indicated that the co-defendant Matías Edgardo Morla, through the company Sattvica S.A., misappropriated Maradona's registered trademarks and tried to do the same with his image, names and pseudonyms, as he had abused his status as a representative in order to assign the assets free of charge to the company controlled by him.

They stress that the aforementioned company obtained the registration of the trademark "Maradona" in different countries and invoke an alleged fraud on the heirs.

They claim that by means of a contract dated 17/8/2020, the deceased had the deceased had allegedly granted a licence for the use of his image, name and pseudonyms to the defendants Matías Edgardo Morla, Sattvica S.A. and Stefano Ceci.

They state that the administrator of the deceased's estate notified the defendants of the termination of the aforementioned contract and ordered them to abstain from exploiting and using the image, name or pseudonyms of the deceased Diego Armando Maradona, also from authorising the use, licensing or carrying out any legal act related to them.

II. It is useful to highlight that jurisdiction, as a measure of jurisdiction or as a distribution of jurisdictional power carried out by the laws of judicial organisation, is based on different criteria, such as subject matter, level, value or territory and, in this sense, it is a requirement of the judgement on the merits, which could not be validly issued by a judge who lacked it (cfr. De Santo, "El Proceso Civil", T.I, Ed. Universidad, p. 355).



III. Having said this, it should also be noted that, for the purposes of determining jurisdiction, as far as the subject matter is concerned, the content and nature of the claim made from an objective point of view must be taken into account, making reference to the nature of the substantial legal relationship put forward on the basis of the facts set out in the claim and, where appropriate, in accordance with the legal framework given to the action by the claimant (cf. CNCiv. Chamber G R. 339119 of 17/10/01, R. 349375 of 14/6/02; R. 426919 of 5/05 among others), as long as the relationship of the former is not arbitrary or capricious or in conflict with objective elements in the case file.

The criterion outlined above is based on the principles enshrined in articles 4 and 5 of the Procedural Code which establish guidelines for the determination of jurisdiction the statement of the facts set out in the complaint and the nature of the claims made therein (cf. Colombo, Carlos J., "Código Procesal Civil y Comercial de la Nación Anotado y Comentado", Bs. As., 1975, t. I, p. 111 and CSJN in proceedings "Fernandez Kusisek e Hijos SRL v. Ministerio de Gobierno de la Pcia. de Buenos Aires", of 9/12/93, ED-RG 28, p. 88 and L.L. 1996-C-574).

IV. In this regard, it should be pointed out that, as already stated, the purpose of the present proceedings is to order a precautionary measure so that the defendants may preventively cease the use, by themselves or through third parties, of the image, the voice, the name and the pseudonyms of Diego Armando Maradona.

V. In this respect, it should be emphasized, firstly, that Intellectual Property is based on the idea that intellectual creations of ingenuity and talent are intangible goods susceptible of appropriation. In other words, it is a type of right that focuses on the protection of any creation of the human intellect. In turn, it is subdivided into two main branches:



Industrial Property, which in turn                    covers figures such as patents, trademarks, inventions and industrial models; while, on the other hand, there is copyright, on literary and artistic works and related rights (cfr. IP + Match Day, la Propiedad Intelectual también juega, Salazar Camargo, Juan Carlos: El Dial. Com. Legal contents).

In this sense, it should be noted that the surname, patronymics, pseudonyms, first names, nicknames and nicknames can be presented and registered as trademarks as long as they respect pre-existing rights and are sufficiently distinctive. That is to say that a famous artist, whatever the fields in which he has acquired prestige, has a legitimate interest to take advantage of his own name and the fame attached to it in the development of some activity with lucrative purposes and under the protection of the specific trademark regime (from the vote of Dr. Vocos Conesa, arg. C. Nac. Civ. y Com. Fed. 3a, 12/9/2003, case 455/1997, "Herrera, Paloma v. Carolina Herrera S.A. y otro s/cese de oposición al registro de marca", consid VIII, 5th para. in fine).

VI. Under such premises and since what is sought here is that the defendants cease to commercially exploit the name, image and pseudonym of Diego Armando Maradona, it is clear that the issue revolves around the trademark right contemplated in Law 22.362 (cfr. art. 3 inc. h), and the controversy does not focus in any way on the publication without due authorisation of a theatrical, cinematographic, philharmonic or other similar show, in the terms provided for in Article 79 of Law 11723, a rule invoked here by the petitioners as the basis of their claim.

It should be noted in this regard that it is the applicants themselves who, in founding the existence of the danger of delay to support the precautionary measure, refer to the fact that the president of Sattvica

"would have authorised the free _____ use of the image and trademark of Maradona's image and trademark to the Municipality of the city of Esquina, Corrientes", or to the existence of several "licensing contracts for the use of Diego Maradona's image", which are attached as documentary evidence.

VII. In view of the aforementioned and considering that the issue raised is governed "prima facie" by trademark law rules, and taking into account the generic attribution contained in art. 33 of Law 22.362, which provides that the Federal Civil and Commercial Court is competent to hear civil actions, the present dispute falls within the jurisdiction of such court.

In this regard, it has been stated that "by virtue of article 33 of Law 22.362, "On Trademarks and Designations", the Federal Civil and Commercial Court is competent to hear civil actions arising from the improper use of trademarks. This decision is not affected by the fact that the present preventive action precedes a compensatory action, since beyond its autonomous nature, both the claim relating to the cessation of the alleged improper use of the trademark and the claim for compensation for the alleged unlawful act must be heard in the aforementioned federal court, in view of the express prescription of the rule invoked. (cf. file n°26423 of the database of the Secretariat of Documentation and Jurisprudence of the Civil Chamber).

Nor is the invocation of the rights arising from Law 11.723, or from Articles 53 and 54 of the Civil and Commercial Code an obstacle to the decision here, given that the central aspect of the claim in this case concerns the immediate cessation of the use of the trademark indicated, under the terms of Law 22.362 (cfr. arg. Chamber 1, CNac Civ y Com Fed. case 5850/09 of 15-12-09, and 4.933/13. "Farray Jorge Luis y otros c/ Vaccarezza Pablo Simón s/ precautionary measures" 26/11/13).

Page 67 of 2341.



VIII. Without prejudice to the aforementioned, considering the urgency of the issue raised and in accordance with the provisions of section 196 of the CPCC, it is appropriate for the undersigned to rule on the precautionary measure requested.

It is well known that, by their nature, precautionary measures do not require, as a precondition for admissibility, conclusive proof of the right invoked; their prima facie accreditation is sufficient and therefore, in order to provide them, judges do not need to rely on full certainty, which is sufficient - given that a lower threshold is required - that they do so on the basis of the appearance presented by the facts of the case (cf. Chiovenda, G. in "Ensayos de Derecho Procesal Civil", T:I., pp. 54/55 and CS, pp. 54/55 and CSJN, Judgments 250:154; 251:33; 307:1702), since the judgement of truth in this matter is in opposition to the purpose of the institute in question, which is none other than to attend to that which does not exceed the framework of the hypothetical, within which, at the same time, it exhausts its virtuality (cfr. CSJN, Judgments 306:2060).

For the purposes of the concurrence of the danger of delay, it is sufficient that the consequences arising from the non-existence of such a measure are of greater intensity than those generated in the case that it is declared admissible (cfr. CNfed. Cont. Adm. Chamber V, 17/3/99 LL 2000-D-85)

By virtue of the above and since the attached PDF document, it emerges -prima facie- and with the elements provided here the concurrence of the above-mentioned requirements, it is appropriate to grant the request, albeit with the limitation that is will be indicated below.

Consequently, Matías Edgardo Morla, Sattvica S.A., Stefano Ceci, Yakuzza SRL, Vulcanizados Marpen S.L., Domenico Paone Spa and Fernando Martín Centeno, are hereby informed that they must cease in the use by themselves or through third parties, of the image, voice, name, pseudonyms and trademark of Diego Armando Maradona and/or any other



related to his person. Urgent notification will be given, with days and hours of non-working hours (article 153 of the Procedural Code), and if necessary, in accordance with law 22.172 and/or by means of diplomatic exhortation.

All of the above, subject to the **prior bail bond**, which, given that the measures to restrict access to the building still exist (cfr. CSJN Agreement 14/21), must be presented in writing signed by the attorneys-in-fact, and by Ms. Verónica Ojeda, in her capacity as legal representative of Diego Fernando Maradona Ojeda, given that the power of attorney granted to Dr. Baudry does not expressly contain this power, which is why this must be rectified.

Since, as has been pointed out, the issue under debate here does not fall within the scope of art. 79 of Law 11.723, it is not the requested seizure should be granted, limiting the precautionary measure granted to that ordered above.

In the light of the aforementioned, **<u>BE IT RESOLVED</u>**: I) To declare myself incompetent to hear the present proceedings by reason of subject matter and order their referral to the Federal Civil and Commercial Federal Court for the purpose of drawing lots and subsequent processing. II) To decree the precautionary measure requested, with the scope set out in recital VIII.

BE IT NOTIFIED as a matter of urgency, appointing non-working days and hours, and to the Public Prosecutor and the Juvenile Defender in their offices.

**DOCUMENT NO. 4**



Poder Judicial de la Nación

## CAMARA CIVIL - SALA F

79035/2021

MARADONA, DALMA NEREA Y OTROS c/ YAKUZZA SRL Y OTROS s/MEDIDAS PRECAUTORIAS

Buenos Aires,      de  mayo de 2022.-

VISTOS Y CONSIDERANDO:

I) Estos autos al Tribunal a los fines de resolver los siguientes recursos de apelación:

a)  Interpuestos por la parte actora a fs. 8/11 y 109 del 1/12/21, contra el decisorio de fs. 100 del 29/11/21, mediante el cual el Sr. Juez *a quo* se declaró incompetente para seguir entendiendo en este proceso y dispuso la remisión de la causa al fuero Civil y Comercial Federal, y en cuanto no hizo lugar al embargo peticionado por los recurrentes, y ordenó a los demandados cesar en el uso de la marca de Diego Armando Maradona y/o cualquier otra relacionada con su persona. Los memoriales de agravios lucen agregados a fs. 8/11 del 1/12/21 y 118/129 del 15/12/21.

b) Interpuesto en subsidio por la actora a fs. 177/181 del 22/12/21, contra el párrafo 4to de la providencia de fs. 135 del 16/12/21, mediante la cual el magistrado difirió la notificación por medios electrónicos a los demandados con domicilio en el extranjero.

c) Deducido subsidiariamente por la codemandada SATTVICA S.A a fs. 177/210 del 03/02/22,  contra el decisorio de fs. 100 del 29/11/22.

d) Deducido subsidiariamente por el codemandado Morla a fs. 177/184 del 03/02/22,   contra el decisorio de fs. 100 del 29/11/22.

e) Apelación interpuesta en subsidio por la demandada YAKUZZA S.R.L a fs.161/164 del 29/12/21.

#35901157#328062987#20220518182941475

El Sr. Fiscal de Cámara dictaminó a fs. 138/144 el 22/12/21 y la Sra. Defensora de Menores e Incapaces de Cámara a fs. 226 del 29/03/22.

II) En primer término corresponde entender en la declaración de incompetencia formulado por el Sr. juez de grado. En este sentido corresponde señalar que la determinación de la competencia comprende principalmente el análisis preliminar del contenido y naturaleza de la pretensión deducida, desde un punto de vista objetivo, haciendo mérito de la relación jurídica sustancial esgrimida, en base a los hechos expuestos en la demanda y, en su caso, sólo en la medida que se adecue a ellos, de acuerdo con el encuadre normativo acordado a la acción por el reclamante (conf. CNCiv., Sala A, agosto 6-996 "Scherz c/Assist Card"; id., esta Sala, R.222.459 "Petz c/Poder Ejecutivo de la Pcia." del 10/7/97).

Bajo tales premisas el Sr. juez sostuvo que aquí se persigue que los demandados dejen de explotar comercialmente el nombre, imagen y seudónimo de Diego Armando Maradona, señalando que resulta palmario que la cuestión gira en torno al derecho marcario contemplado en la ley 22.362 (cfr. art. 3 inc. h), no centrándose la controversia en modo alguno respecto de la publicación sin la debida autorización de un espectáculo teatral, cinematográfico, filarmónico u otro análogo, en los términos previstos por el Art. 79 de la ley 11723, norma aquí invocada por los peticionantes como fundamento de su pretensión.

Este tribunal coincide con lo dictaminado por el Sr. Fiscal de Cámara en cuanto a que, de acuerdo a los términos expresados en la demanda, se observa que la pretensión de la parte actora no concierne específicamente a marcas registradas en los términos de la citada ley, sino que se alude concretamente a "la imagen, voz, nombre y pseudónimos de quien en vida fuera Diego Armando Maradona"

#35901157#328062987#20220518182941475



Poder Judicial de la Nación

## CAMARA CIVIL - SALA F

invocando para ello lo específicamente establecido por el art. 53 CCyCN.

En este contexto habrán de acogerse favorablemente los agravios formulados en torno a la declaración de incompetencia y, consecuentemente, decidirse la competencia de este fuero Nacional en lo Civil para entender en estas actuaciones, por lo que deberán seguir tramitando por ante el Juzgado Nacional de lo Civil nº 74.

III) En los términos del art. 196 del Código Procesal, sin perjuicio de haber declarado la incompetencia, el magistrado hizo saber en forma cautelar a los demandados, Matías Edgardo Morla, Sattvica S.A., Stefano Ceci, Yakuzza SRL, Vulcanizados Marpen S.L., Domenico Paone Spa y Fernando Martín Centeno, que deberán cesar en el uso por sí o a través de terceros, de la imagen, voz, nombre, los pseudónimos y la marca de Diego Armando Maradona y/o cualquier otra relacionada con su persona.

De esta decisión se agravian tanto los actores como los demandados, por cuanto los primeros sostienen que no fue la medida requerida ya que no se hizo lugar al embargo solicitado y los accionados Sattvica, Morla y Yakuza SRL que solicitan que se deje sin efecto la orden de cese de uso de marca de Diego Armando Maradona y/o cualquier otra relacionada con su persona.

Corresponde recordar que las medidas cautelares constituyen un medio tendiente a asegurar el cumplimiento de las resoluciones judiciales cuando, antes de incoarse el proceso o durante su curso, una de las partes demuestra que su derecho es "prima facie" verosímil y que existe peligro de que la decisión jurisdiccional sea cumplida (CNCiv., Sala "E" LL del 8/9/80 fallo 78.725; id., esta Sala, R. 385.902 del 20/11/03).

Asimismo, en materia de medidas precautorias debe procederse con criterio amplio, para evitar la posible frustración de los derechos de las partes y que el dictado del pronunciamiento final

#35901157#328062987#20220518182941475

resulte inoficioso o de improbable cumplimiento (CNCiv. Sala "G" R.264.338 del 6/8/80; íd. Sala "A" del l3/2/69 en ED 33-2l7; esta Sala R. 385.902 del 20/11/03) entre varios otros.

Respecto de la verosimilitud del derecho, debe ser entendida como la posibilidad de que éste exista y no como una incontestable realidad que sólo se logrará al agotarse el trámite de la causa (conf. Podetti, "Tratado de las medidas cautelares" pág. 73; CNCiv., Sala "G" R.273.l3l del l0-8-82; íd., Sala "E" ED 80-635). Tal verosimilitud, no exige prueba terminante del derecho que se invoca ya que ello será materia del proceso principal pudiéndose agregar que admitirla para dictar una medida cautelar no importa adelantar opinión sobre el fondo del asunto (CNCiv., Sala "E", LL l979-A-57l, 35.0l0-S; id., esta Sala, R. 385.902 del 20/11/03).

El Tribunal considera, con sujeción a los criterios de provisionalidad con que cabe juzgar el punto sometido a su consideración en el presente estado de la causa, que los elementos de juicio con los que se cuenta resultan suficientes para tener por configurada suficientemente la verosimilitud del derecho, con el alcance antes señalado, esto es, referido a "la imagen, voz, nombre y pseudónimos de quien en vida fuera Diego Armando Maradona", de conformidad con lo previsto por los arts. 53, 71 y 72 del CCyCN .

No obstante, en cuanto a las quejas respecto a que no se decretó el embargo requerido no puede perderse de vista, como bien señaló el juez al resolver la revocatoria oportunamente interpuesta, que en los términos del art. 204 del C.P.C.C. el juez puede atemperar la medida por una que sea menos gravosa.

En esta inteligencia habrán de desestimarse los agravios sobre el punto por cuanto a criterio del tribunal la medida decretada resulta ajustada a derecho.

Arribados a este punto no puede perderse de vista en el particular caso de autos que los actores sostienen en sus fundamentos

#35901157#328062987#20220518182941475



Poder Judicial de la Nación

CAMARA CIVIL - SALA F

de la revocatoria que "en ningún momento esta parte ha pedido que se ordene a los infractores a cesar en el uso de la marca de Diego Armando Maradona y/o cualquier otra relacionada con su persona", con lo cual corresponde dejar sin efecto la medida respecto a la marca.

.           IV) Por último, en lo que respecta al recurso de apelación interpuesto en subsidio por la actora a fs. 177/181, contra el párrafo 4to de la providencia de fs. 135, mediante la cual el magistrado difirió la notificación por medios electrónicos a los demandados con domicilio en el extranjero, tal diferimiento no les causa agravio a los recurrentes con lo cual corresponde declarar mal concedida la apelación.

En su mérito y de conformidad con lo dictaminado por el Sr. Fiscal de Cámara, **SE RESUELVE**: 1) Revocar el pronunciamiento de fs. 100 en cuanto declaró la competencia del fuero Civil y Comercial Federal y, consecuentemente, decidir la competencia de este fuero Nacional en lo Civil para entender en estas actuacions, por lo que deberán seguir tramitando por ente el Juzgado Nacional de lo Civil nº 74. 2) Confirmar la cautelar decretada en la instancia de grado con el alcance señalado, esto es, que Matías Edgardo Morla, Sattvica S.A., Stefano Ceci, Yakuzza SRL, Vulcanizados Marpen S.L., Domenico Paone Spa y Fernando Martín Centeno, deberán cesar en el uso por sí o a través de terceros de la imagen, voz, nombre y seudónimos de quien fuera en vida Diego Armando Maradona (arts. 53, 71 y 72 del CCyCN), dejándose sin efecto lo decidido respecto "la marca Diego Armando Maradona y/o cualquier otra relacionada con su persona". 3) Declarar mal concedido el recurso de apelación interpuesto a fs. 177/181. 4) Las costas se imponen en el orden causado en virtud de las particularidades que la causa ofrece (art. 68 seg. parte del C.P.C.C.).

#35901157#328062987#20220518182941475

Regístrese, notifíquese y al Sr. Fiscal de Cámara en su despacho. Oportunamente, devuélvase. La vocalía 17 se encuentra vacante.

16. *José Luis Galmarini*

18. *Fernando Posse Saguier*



Judiciary of the Nation

## CIVIL BOARD  Chamber F

79035/2021

MARADONA, DALMA NEREA Y OTROS c/ YAKUZZA SRL and Others/interim measures

Buenos Aires,       May 2022.-
          CONSIDERING:
          I) This proceeding is to solve the following Appeals before the Court:
          a)   Filed by the plaintiff fs. 8/11 and 109 of 1/12/21, against decision fs. 100 del 29/11/21, by which the Judge of first instance *a quo* declared non competent to follow the proceedings and remitted the case to the civil and federal forum not decreeing the embargo requested by the appellants and ordered the defendants to cease the use of the trademark of Diego Armando Maradona and any other related to his person. The background is set up on  fs. 8/11 on 1/12/21 and 118/129 on 15/12/21.
          b) Filed subsidiary by the plaintiff fs. 177/181  on 22/12/21, against paragraph 4th of Providence fs 135 of 16/12/21, by which the magistrate sent the notification by electronic means to the defendants with domicile outside the country.
          c)  Deduced    subsidiary    by    the   co-defendant SATTVICA S.A to fs. 177/210 of 03/02/22, against decision of fs. 100 on  29/11/22.
          d) Deduced subsidiary by the co-defendant Morla to fs. 177/184 of 03/02/22, against decision of fs. 100 on 29/11/22.
          e)  Appeal filed subsidiary by the defendant YAKUZZA S.R.L to fs.161/164 on 29/12/21.

#35901157#328062987#20220518182941475

The prosecutor of board dictated fs. 138/144 on 22/12/21 and the defendant of minors and disabled of the board to fs. 226 on 29/03/22.

II) First of all corresponds to declare the competence to the Mr. Judge of first instance. In this sense corresponds to determine that the competence includes mainly the preliminary analysis of the contents and nature of the claim, from an objective point of view, making merit to the legal relationship based on the facts of the claim and only related to the claim and facts, according to the rules exposed by the plaintiff (conf. CNCiv., Chamber A, august 6-996 "Scherz c/Assist Card"; id., this chamber, R.222.459 "Petz c/Poder Ejecutivo de la Pcia." del 10/7/97).

Under those conditions, the magistrate stated that the defendant must cease exploiting commercially the name, the image, portrayal and pseudonym of Diego Armando Maradona, pointing out that the question pivots around the trademark law regulated under the law 22.362 (cfr. art. 3 inc. h), not being relevant the controversy about the publication without the authorization of a performance in the theater, cinema, musical or analogical performance in the sense of the rules stated according to Art. 79 of the Law 11723, Rule herewith invoked by the plaintiff as founding his claim.

This court agrees with the statement of the procurator of the board regarding the claim, observed that the claim of the plaintiff does not concern specifically to registered trademarks in the terms regulated in the trademark Law but it is related specifically to the "image, portrayal, voice, name and pseudonym of who was in life Diego Armando Maradona invoking what it is established in art. 53 CCyCN.

In this context we are favorable to grant the damages founded on non competence and consequently decide the competence of this national forum in the civil matter to decide about the proceedings to be continued and followed by the National Civil Court n° 74.

#35901157#328062987#20220518182941475

III) In the terms of art. 196 of procedural code, without prejudice of having declared non competent, the magistrate made known provisionally to the defendants, Matías Edgardo Morla, Sattvica S.A., Stefano Ceci, Yakuzza SRL, Vulcanizados Marpen S.L., Domenico Paone Spa and Fernando Martín Centeno, that they must cease using by themselves or through third parties the image, portrayal, voice, name and Pseudonym and the trademark of Diego Armando Maradona and any other mark related to his person.

From this decision all the parties are damaged since the plaintiff and defendants do not agree. The first ones with not granting the embargo and the defendants Sattvica, Morla y Yakuza SRL ask to stop the request that orders to cease to use the trademark of Diego Armando Maradona and any other person related to this person.

It is necessary to remember that the interim measures constitute a mean to assure the compliance of legal decision when, before starting a procedure or during the procedure, one of the parties shows that his right is "prima facie" plausible and it exists a risk that the legal decision is accomplished (CNCiv., Chamber "E" LL del 8/9/80 decision 78.725; id., This board, R. 385.902 del 20/11/03).

In a matter of interim measures the Court must proceed with a very large criterion to avoid possible frustration of rights of the parties and that the final outcome of the judgment does not result useful or that cannot be accomplished. (CNCiv. c h a m b e r "G"R.264.338 on 6/8/80; íd. chamber "A" on l3/2/69 en ED 33-2l7; this board R. 385.902 del 20/11/03) amongst others).

With respect to the plausibility of the right, it must be understood that the possibility that it exists and not as non contestable reality that only it can be got through the exhaustion of the proceedings of the matter (conf. Podetti, "Interim Measures Treaty" page 73; CNCiv., Chamber "G" R.273.l3l on l0-8-82; íd., Chamber "E" ED 80-635). Such plausibility does not require evidence that ends the invoked right because that will be the matter to be solved during the main proceedings, although it is not relevant that during the


#35901157#328062987#20220518182941475

interim measure an opinion on the substance about the main proceedings can also be given (CNCiv., Chamber "E", LL l979-A-57l, 35.0l0-S; id., This board, R. 385.902 del 20/11/03).

The court considers that under provisional criteria can be judge the controversy submitted to consideration in the present state of the matter, the elements of evidence taken into account result sufficient to configure the plausibility of the rights, with the scope before stated, that is, referred to the "portrayal, image, voice, name and pseudonym of who was in life Diego Armando Maradona", according to the foreseen in articles. 53, 71 y 72 del CCyCN .

Nevertheless, regarding to complaints respect to which was decided in the embargo requested it cannot be denied that as stated by the judge when solving the opportunely proposed revocation, that in terms of article 204 of C.P.C.C. the judge can temperate the measure for another one less harmful.

In this connection the damages are inadmissible about the point by which according to the criterion of the court the dictated interim measure results adjusted to right.

It cannot be forgotten that in this particular case the plaintiff recognized in his grounds of revocation that

#35901157#328062987#20220518182941475



Judiciary of the Nation

## Civil Board - Chamber F

"This party has not requested to the infringers to cease and desist the use of the trademark Diego Armando Maradona or any other related to his person",  so that it corresponds to annul the measure with respect to the trademark".

.               IV) Lastly, with respect to the Appeal filed subsidiary by the plaintiff fs. 177/181, against paragraph 4th of the providence fs. 135, according to which the magistrate differed the notification by electronic means to the defendants with domicile outside the country, such deferment does not cause any harm to the Appellant, whose Appeal is declared as badly granted.

Finally and according to the statement of the Mr. Prosecutor of the Board, IT IS SOVED: 1) Revoke the decision of the fs. 100 declaring competent the civil forum and federal forum and consequently, decide the competence of this national civil forum to know about the claim and to continue dealing with the case by the National civil court n° 74.2) Confirming the interim measure of the first instance with the statement that Matías Edgardo Morla, Sattvica S.A., Stefano Ceci, Yakuzza SRL, Vulcanizados Marpen S.L., Domenico Paone Spa and Fernando Martín Centeno, must cease and desist use by themselves or through third parties of the image, portrayal, voice, name and pseudonyms of who was in life Diego Armando Maradona (arts. 53, 71 y 72 of CCyCN), leaving it without effects respect to what was decided regarding  "the trademark Diego Armando Maradona and any other trademark related to his person". 3) Declare not granted the Appeal filed to fs. 177/181. 4) Costs are imposed in order caused due to the particularities of the case (art. 68 second part of C.P.C.C.).

#35901157#328062987#20220518182941475

Recorded, notified and to the Mr. Prosecutor of the board in his office. Eventual, remitted. The vocal 17 remains vacant.

16. *José Luis Galmarini*

18. *Fernando Posse Saguier*

Signature Not Verified
Digitally signed by FERNANDO
POSSE SAGUIER
Date: 2022.05.19 12:04:29 ART

Signature Not Verified
Digitally signed by JOSE
GALMARINI
Date: 2022.05.19 12:16:10 ART



#35901157#328062987#20220518182941475