UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20178-CIV-ALTONAGA/Torres

**SATTVICA S.A., INC.**,

 Plaintiff,
v.

**JOHN DOE or JANE DOE subscriber assigned IP address 23.227.38.74**, *et al.*,

 Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Sattvica S.A., Inc.'s Motion for Reconsideration of this Court's Order Granting Defendants' Motion to Vacate Judgment [ECF No. 45], filed on August 22, 2022. Defendants, Dalma Nerea Maradona Villafañe and Dinorah Gianinna Maradona Villafañe, filed a Response [ECF No. 47] on September 8, 2022; to which Plaintiff filed a Reply [ECF No. 48]. Plaintiff requests that the Court reconsider its August 15, 2022 Order [ECF No. 44] that vacated a July 18, 2022 Order that granted in part default final judgment [ECF No. 36] against Defendants and required Plaintiff to perfect service on Defendants. (*See* Pl.'s Mot. 1, 11–12). The Court assumes the reader's familiarity with the procedural facts of this case and dispenses with their recitation. For the following reasons, Plaintiff's Motion is denied.

"The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. U.S. Coast Guard Seventh Dist.*, No. 18-23188-Civ, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (citation omitted). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King*

*Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (alteration added; citations omitted). "It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through — rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (alterations adopted; citations omitted).

As a preliminary matter, Plaintiff asserts that it failed to timely respond to Defendants' Motion to Vacate Judgment [ECF No. 43] as the result of a "clerical error by [Plaintiff's] counsel's staff." (Pl.'s Mot. 3 (alteration added). Because this error amounts to excusable neglect, *see Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999) (citation omitted), the Court will consider Plaintiff's Motion to evaluate whether personal jurisdiction has been established over Defendants, as that was the reason why the Court granted Defendants' Motion to Vacate Judgment (*see generally* Defs.' Mot.). Indeed, "[a]n in personam judgment entered without personal jurisdiction over a defendant is void as to that defendant." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 (11th Cir. 2007) (alteration added; citations omitted).

Plaintiff asserts that Defendants "were served via Federal Express on or about March 17, 2022, with service." (Pl.'s Mot. 9). Defendants were served in Argentina. (*See* Clerk's Notice of International Services [ECF Nos. 14–15]). Argentina does not allow service by mail per Argentina's reservation to the Hague Service Convention, of which Argentina and the United States are signatories. *See Fusilamp, LLC v. Littelfuse, Inc.*, No. 10-20528-Civ, 2010 WL 11504719, at *2 (S.D. Fla. Sept. 1, 2010) (citations omitted).

Under the Hague Service Convention, service must be done through Argentina's designated central authority and include a Spanish-language translation of the documents. *See id.* Plaintiff does not challenge Defendants' assertion that service in this case was attempted with English-only documents mailed directly to Defendants. (*See* Defs.' Mot. 4). Instead, Plaintiff argues that Defendants' claim of improper service is contradicted by Defendants' receipt of the

CASE NO. 22-20178-CIV-ALTONAGA/Torres

Complaint [ECF No. 1] and awareness of the present action. (*See* Pl.'s Mot. 9; Reply 1–2). That argument is unpersuasive given that Plaintiff did not satisfy the Hague Service Convention's requirements when it attempted service. (*See* Defs.' Mot. 3); *see also Fusilamp*, 2010 WL 11504719, at *3.

Appearing to concede that service was improper, Plaintiff next argues that Defendants waived objection to personal jurisdiction because Defendants' prior counsel, Shook, Hardy & Bacon LLP "acknowledged service and requested an extension of time to respond to the Complaint." (Pl.'s Mot. 10). Yet, a review of the emails between Plaintiff and Defendants' prior counsel undermines that argument. In a March 30, 2022 email, prior counsel stated it was recently contacted by Defendants and it was prior counsel's understanding that Defendants had received the Complaint. (*See id.*, Ex. A, Emails [ECF No. 45] 2).[1]

While prior counsel mentioned that a response to the Complaint would be due April 7, 2022 and requested an 11-day extension from Plaintiff to file that response, there was no mention of service or waiver of service. (*See id.*). In fact, prior counsel stated, "we only recently received a copy of the complaint and have not had time to conduct any investigation into same." (*Id.*). In an April 15, 2022 follow-up email, prior counsel stated it was "in the process of formalizing our engagement with Defendants" and that counsel intended to seek a three-week extension of time to file a response. (*Id.* 3). Then, in a May 10, 2022 email, prior counsel stated it was not representing Defendants in this matter. (*See id.* 4).

In short, Plaintiff's brief emails with prior counsel and prior counsel's limited engagement by Defendants do not rise to the level of a waiver of service, especially given that Plaintiff did not follow the Hague Service Convention. *See Isaac Indus., Inc. v. Petroquimica de Venezuela, S.A.*,

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

No. 19-23113-Civ, 2022 WL 820376, at *13 (S.D. Fla. Mar. 1, 2022), *report and recommendation adopted*, No. 19-23113-Civ, 2022 WL 1203004 (S.D. Fla. Apr. 22, 2022) (distinguishing a case where a defendant was justified in challenging service of process because defendant was not properly served from a case where the defendant halted the adversarial process by not responding for nearly 19 months (citation omitted)).

Plaintiff also objects that Defendants' present counsel was hired to monitor the proceedings and did not object to the absence of personal jurisdiction until after final default judgment was entered. (*See* Pl's Mot. 11). This argument is foreclosed by case law. "While it is preferred that a party engage the litigation process by making an appearance for the limited purpose of challenging the court's jurisdiction, [a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Baragona v. Kuwait & Gulf Link Transp. Co.*, 691 F. Supp. 2d 1351, 1360 (N.D. Ga. 2009), *aff'd sub nom. Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852 (11th Cir. 2010) (alteration in original).

In sum, Plaintiff has failed to show that it perfected service on Defendants or that Defendants waived service of process. Without personal jurisdiction over the defendants, a court may not enter default judgment. *See Sloss*, 488 F.3d at 924. Additionally, default judgments are discouraged; cases should be decided on the merits when possible. *See Isaac*, 2022 WL 820376, at *12. As the Court directed in its August 15, 2022 Order, after Plaintiff perfects service on Defendants,[2] the case will be reopened and can then be decided on its merits.

For the foregoing reasons, it is

---

[2] Service under the Hague Convention may take anywhere from six to eight months, or more. *See In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (noting court's concern that the length of time required for service under the Hague Convention, six to eight months, could unnecessarily delay the case (citations omitted)).

CASE NO. 22-20178-CIV-ALTONAGA/Torres

**ORDERED AND ADJUDGED** that Plaintiff Sattvica S.A., Inc.'s Motion for Reconsideration of this Court's Order Granting Defendants' Motion to Vacate Judgment **[ECF No. 45]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 19th day of September, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record